## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARION A. HECHT, as Receiver for<br>    Joseph Forte, L.P.<br>1747 Pennsylvania Avenue, NW<br>Suite 825<br>Washington, DC 20006<br><br>              Plaintiff,<br><br>v.<br><br>MALVERN PREPARATORY SCHOOL<br>418 S. Warren Ave<br>Malvern, PA 19355-2707<br><br>              Defendant. | Civil Action<br><br>No. _____ |

## COMPLAINT

Marion A. Hecht (the "Receiver"), as the Court-appointed Receiver for Joseph Forte, L.P. (the "Partnership"), by and through her counsel, Hoyle, Fickler, Herschel and Mathes, LLP, for her Complaint against Malvern Preparatory School based on actual knowledge and upon information and belief, states as follows:

### NATURE OF PROCEEDING

1.      This action is brought under Pennsylvania law and arises out of the fraudulent Ponzi scheme orchestrated by Joseph S. Forte ("Forte") from 1995 through 2008 using the Partnership as its vehicle. As set forth herein, Forte raised at least $78,000,000 for the Partnership through fraudulent representations to investors, who were limited partners in the Partnership, and misappropriated at least $25,000,000 of Partnership assets. Forte contributed misappropriated assets to charities in order to, among other things, create the appearance that he was running a profitable business. Defendant Malvern Preparatory School ("Malvern Prep")

received misappropriated Partnership assets from Forte as purported charitable donations, and Malvern Prep also received Partnership assets from one or more limited partners of the Partnership, including the Thornton D. & Elizabeth S. Hooper Foundation. Malvern Prep has refused the Receiver's request to return the misappropriated funds and other assets that it received from Forte and/or others. This proceeding seeks to recover the misappropriated assets wrongfully given to Malvern Prep to apply them for the benefit of those most directly harmed by the Ponzi scheme: innocent investors in the Partnership.

2.      After nearly fourteen years of operating the fraudulent Ponzi scheme, Forte turned himself in to authorities on or about December 22, 2008. On information and belief, Forte revealed the Ponzi scheme because Partnership assets and new investments in the Partnership were no longer sufficient to pay investor redemption requests.

3.      On January 7, 2009, the Securities and Exchange Commission and the Commodity Futures Trading Commission initiated proceedings in *SEC v. Forte*, Civ. A. No. 09-cv-0063 (E.D. Pa.), and *CFTC v. Forte*, Civ. A. No. 09-cv-0064 (E.D. Pa.), and obtained preliminary injunctions from this Court against Forte to freeze his and the Partnership's assets. True and correct copies of the preliminary injunctions are attached hereto as Exhibit A.

4.      On March 30, 2009, the Court issued an Order in *SEC v. Forte*, Civ. A. No. 09-cv-0063 (E.D. Pa.), and *CFTC v. Forte*, Civ. A. No. 09-cv-0064 (E.D. Pa.), appointing Ms. Hecht as the Receiver to oversee the resolution of Forte's and the Partnership's assets and the distribution of recoverable assets to investors in the Partnership. A true and correct copy of the Order Appointing a Receiver is attached hereto as Exhibit B.

5.      As Receiver, Ms. Hecht was charged with, among other things, the collection and distribution of assets Forte misappropriated through his Ponzi scheme and the prosecution of any

claims the Partnership has against others for the recovery of Partnership assets.

6.     The Receiver brings this action as part of her continuing duty to "assume control of, marshal, pursue, and preserve" the assets of the Partnership.  Order Appointing a Receiver ¶ II.

7.     On June 5, 2009, in the related criminal action, *United States v. Forte*, No. 09-cr-304-1 (E.D. Pa.), Forte pleaded guilty to charges of wire fraud in violation of 18 U.S.C. § 1343, mail fraud in violation of 18 U.S.C. § 1341, bank fraud in violation of 18 U.S.C. § 1344, and money laundering in violation of 18 U.S.C. § 1397.  True and correct copies of the transcript of the June 5, 2009 plea hearing and Joseph Forte's Guilty Plea Agreement are attached hereto as Exhibit C.

8.     In the June 5, 2009, hearing, Forte admitted to running a Ponzi scheme from 1995 through 2008.  In addition, in that same hearing, Forte was asked by the court:

> And do you agree that you used more than one million dollars of the criminal proceeds to make donations to other organizations, including a $200,000 donation affecting interstate commerce, to a school in Malvern on June 13, 2007?

Forte responded: "Yes, Your Honor."

9.     Partial Final Judgment as to All Defendants was entered by this Court in *SEC v. Forte*, 09-cv-0063 (E.D. Pa.), on September 30, 2009.  A true and correct copy of the Partial Final Judgment as to All Defendants is attached hereto as Exhibit D.

10.     A Consent Order of Permanent Injunction and Other Equitable Relief Against Defendant Joseph S. Forte was entered by this Court in *CFTC v. Forte*, 09-cv-0064 (E.D. Pa.), on September 30, 2009.  A true and correct copy of the Consent Order of Permanent Injunction and Other Equitable Relief is attached hereto as Exhibit E.

11.     On November 25, 2009, the Honorable Jan E. DuBois entered Judgment against

Forte in the related criminal action, 09-cr-0304-1 (E.D. Pa.), sentencing Forte to, among other things, 180 months (15 years) imprisonment and ordering the payment of restitution of approximately $35 million.

## THE PARTIES

12.     Plaintiff Marion A. Hecht was appointed Receiver of the Partnership by the Honorable Paul S. Diamond of this Court on March 30, 2009.  The Court's Order Appointing a Receiver requires Ms. Hecht to "assume control of, marshal, pursue, and preserve" the "assets, monies, securities, choses in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of [the Partnership and Forte]," "with the objective of maximizing the recovery of defrauded investors and, to the extent that the assets recovered may be inadequate to make them whole, ensuring that the distribution of those assets is as just and equitable as practicable."  Order Appointing a Receiver at 2-3 (attached hereto as Exhibit B).

13.     Defendant Malvern Preparatory School is a private school, organized as a Pennsylvania non-profit corporation, located at 418 S. Warren Ave, Malvern, PA 19355-2707.

## JURSIDICTION AND VENUE

14.     Pursuant to 15 U.S.C. §§ 77v(a) and 78aa, federal courts have jurisdiction over all suits in equity and actions at law brought to enforce any liability or duty created by federal securities laws.

15.     This Court has ancillary jurisdiction over this action as it is an action instituted by the Receiver to execute her duties as set forth in the Order Appointing a Receiver and this action seeks to accomplish the ends sought by the actions in which Ms. Hecht was appointed as Receiver, *SEC v. Forte*, 09-cv-0063 (E.D. Pa.), and *CFTC v. Forte*, 09-cv-0064 (E.D. Pa.).

16.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367(a) as it is

so related to the claims asserted in *SEC v. Forte*, 09-cv-0063 (E.D. Pa.), and *CFTC v. Forte*, 09-cv-0064 (E.D. Pa.), that it forms part of the same case or controversy.

17.     Venue is proper in this district under 28 U.S.C. § 1391(b) because, among other things, the Defendant resides in this District and a substantial part of the events or omissions giving rise to the Receiver's claims occurred in this District.

18.     Venue for this action is also proper in this district because:

      (a)     this action is ancillary to the United States Securities and Exchange Commission and Commodity Futures Trading Commission proceedings pending in this District;

      (b)     the Receiver was appointed in this District;

      (c)     this action involves Receivership Assets within the meaning of the Order Appointing a Receiver, which provides that all such disputes may be filed in this District; and

      (d)     Forte made all of the charitable contributions at issue in this action from this District.

### STATEMENT OF FACTS

### The Ponzi Scheme and Joseph Forte L.P.

19.     On or about February 28, 1995, the Partnership was formed with Forte as the general partner and John Irwin and one of Irwin's clients as the first two limited partners.  A true and correct copy of the Limited Partnership Agreement is attached hereto as Exhibit F.

20.     The purpose of the Partnership, as described in the Limited Partnership Agreement, was to form a fund to invest in "securities futures."  The Limited Partnership Agreement stated that the Partnership was formed pursuant to the Uniform Limited Partnership Act of Pennsylvania and called for the parties to execute a Certificate of Limited Partnership as

required under the laws of the Commonwealth of Pennsylvania.

21.     On March 24, 1995, Forte executed a Certificate of Limited Partnership which was filed with the Secretary of the Department of State of Pennsylvania on April 3, 1995, identifying Forte as the general partner of the Partnership.

22.     As general partner, Forte controlled the Partnership from 1995 until 2009.  Forte made day to day decisions concerning the operation of the Partnership, including without limitation the opening and maintenance of any trading accounts, the trading of limited partners' funds, and the handling and disposition of limited partners' funds.

23.     From 1995 until 2009, Forte operated the Partnership as a Ponzi scheme whereby redemption requests made by the Partnership's limited partners were funded by new investments in the Partnership.  Meanwhile, wholly false and fraudulent earnings reports were produced and sent to investors.

24.     Instead of investing limited partners' funds in accordance with the Partnership's stated purpose of investing in securities futures, Forte misappropriated those funds to create an illusion of a continuing prosperous enterprise and for his own personal advantage.

25.     During the period from 1995 until 2009 when Forte was operating the Partnership as a Ponzi scheme, Forte's entire income came from misappropriated Partnership assets.

26.     Moreover, as general partner of the Partnership, Forte misappropriated Partnership assets directly and through his personal accounts for, among other things, charitable gifts.

27.     Because Forte was running a Ponzi scheme and derived all of his income from the Ponzi scheme, all of his transfers from the Partnership and his personal accounts, including his charitable gifts to Malvern Prep, were made with the intent to hinder, delay, or defraud the

Partnership's creditors.

28.     Forte's contributions to Malvern Prep and other charities were intended, among other things, to create the appearance of a continuing profitable enterprise.

29.     Until the Receiver's appointment on March 30, 2009, Forte, as the general partner of the Partnership, completely dominated and controlled the Partnership, including with respect to the Partnership's ability to bring any legal claims.

30.     During the course of his operation of the Partnership, Forte made numerous fraudulent misrepresentations to the Partnership investors and others regarding, among other things, the manner in which the Partnership was managed, the nature of trading activity conducted on the Partnership's behalf, the Partnership's profitability, Forte's own record as a securities trader, and the value of the investors' Partnership accounts and earnings.  These and other fraudulent misrepresentations had the effect, among other things, of concealing the actual nature of Forte's and the Partnership's conduct and the actual nature of Forte's transfers to charitable institutions, including the Defendants.

31.     Prior to the Receiver's appointment, no person who was aware that the transfers at issue in this action were fraudulent was willing or able to bring a legal action on behalf of the Partnership or to induce the Partnership to bring a legal action.

32.     Any temporal limitations, statutory or otherwise, on the Receiver's ability to bring the causes of action set forth below were subject to equitable tolling as a result of, among other things, Forte's adverse domination of the Partnership and his fraudulent concealment of the Receiver's claims.

## Forte Transferred Partnership Assets to Malvern Prep

33.     At least $25,000,000 of the limited partners' investments were fraudulently diverted from the Partnership by Forte.

34.    As reflected in, among other things, bank records, during the period from 1995 to 2008, Forte made significant charitable donations to at least ten organizations using the fraudulently diverted funds.

35.    During the period from 1995 to 2008, Forte transferred a collective total of more than $900,000 of fraudulently diverted Partnership assets to Malvern Prep as purported charitable donations.  Some charitable donations Forte made to Malvern Prep between 1995 and 2008 were in the form of in-kind gifts obtained with fraudulently diverted Partnership assets, including without limitation an in-kind gift of fitness equipment.

**Malvern Preparatory School Also Received Partnership Assets from One or More Limited Partners of the Partnership, Including the Thornton D. & Elizabeth S. Hooper Foundation**

36.    Defendant Malvern Prep also received payouts and/or distributions of Partnership assets in the form of grants, gifts, or charitable donations from or at the direction of one or more limited partners of the Partnership, including payouts and/or distributions of more than $200,000 from or at the direction of the Thornton D. & Elizabeth S. Hooper Foundation, a charitable foundation that was a limited partner of the Partnership.

**FIRST CAUSE OF ACTION:**
**FRAUDULENT TRANSFER AS TO MALVERN PREPARATORY SCHOOL**
**THROUGH FORTE'S PURPORTED CHARITABLE GIFTS**

37.    Plaintiff Receiver incorporates by reference the allegations contained in paragraphs 1 to 36 of this Complaint as if fully rewritten herein.

38.    The Partnership was operated by Forte as a Ponzi scheme from its inception in 1995.

39.    All of Forte's assets from the inception of the Partnership until 2009 were derived from Partnership proceeds.

40.    As a result, all contributions by Forte or the Partnership to Malvern Prep between

1995 and January 7, 2009, were made with the actual intent to defraud creditors and were

fraudulent transfers within the meaning of the Pennsylvania Uniform Fraudulent Transfer Act

("PUFTA"), 12 Pa. C.S. §§ 5101-5110.

41.     Malvern Prep received more than $900,000 of Ponzi scheme proceeds through

Forte's fraudulent transfers, including in-kind gifts obtained with fraudulently diverted

Partnership assets.

42.     The Receiver made a demand on Malvern Prep for the return of the Partnership

assets it received, as alleged above, from Forte, including those it received in the form of in-kind

gifts.  Malvern Prep has refused the Receiver's demands.  The money and assets demanded by

the Receiver may be recovered as fraudulent transfers under PUFTA.

43.     Plaintiff Receiver is entitled to all remedies set forth in 12 Pa. C.S. § 5107,

including, but not limited to, the avoidance of all such transfers of Partnership assets to, for the

benefit of, or at the request of Malvern Prep.

WHEREFORE, Plaintiff Marion A. Hecht, as Receiver for Joseph Forte, L.P., demands

judgment in her favor and against Defendant Malvern Preparatory School for any and all

Partnership assets transferred to or for the benefit of that defendant as purported charitable

contributions plus interest thereon, as well as for any applicable damages, costs of suit, and fees

and costs as may be authorized by law or otherwise, and for such further relief as the Court

deems just and appropriate.

### SECOND CAUSE OF ACTION: FRAUDULENT TRANSFER AS TO MALVERN PREPARATORY SCHOOL AS SUBSEQUENT TRANSFEREE

44.     Plaintiff incorporates by reference the allegations contained in paragraphs 1

through 43 of this Complaint as if fully rewritten herein.

45.    The Partnership made payments and/or distributions to, for the benefit of, or at the request of limited partners, including the Thornton D. & Elizabeth S. Hooper Foundation, between 1995 and 2008.

46.    All transfers of Partnership assets to, for the benefit of, or at the request of limited partners, including the Thornton D. & Elizabeth S. Hooper Foundation, between 1995 and January 7, 2009, were fraudulent transfers within the meaning of the PUFTA, 12 Pa. C.S. §§ 5101-5110.

47.    Because Forte operated the Partnership as a Ponzi scheme from its inception in 1995, all transfers of Partnership assets to, for the benefit of, or at the request of limited partners, including the Thornton D. & Elizabeth S. Hooper Foundation, from 1995 through January 7, 2009, were made with the actual intent to hinder, delay, or defraud the Partnership's creditors and were fraudulent transfers pursuant to 12 Pa. C.S. § 5104(a).

48.    Defendant Malvern Prep received Partnership assets from, through, at the direction of, or by the request of one or more limited partners of the Partnership between 1995 and January 7, 2009, including more than $200,000 from or at the direction of the Thornton D. & Elizabeth S. Hooper Foundation.

49.    Defendant Malvern Prep is thereby a "subsequent transferee" as that term is used in 12 Pa. C.S. §§ 5101-5110.

50.    Plaintiff is entitled to, among other remedies, the avoidance of the transfers of Partnership assets to or for the benefit of Defendant Malvern Prep, including those made in the form of in-kind gifts, in accordance with 12 Pa. C.S. §§ 5101-5110.

WHEREFORE, Plaintiff Marion A. Hecht, as Receiver for Joseph Forte, L.P., demands judgment in her favor and against Defendant Malvern Preparatory School for any and all

Partnership assets transferred to or for the benefit of that defendant as purported charitable contributions, plus interest thereon, as well as for any applicable damages, costs of suit, and fees and costs as may be authorized by law or otherwise, and for such other further relief as the Court deems just and appropriate.

### THIRD CAUSE OF ACTION:
### UNJUST ENRICHMENT AS TO
### MALVERN PREPARATORY SCHOOL

51.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50 of this Complaint as if fully rewritten herein.

52.     Malvern Prep was unjustly enriched by the gifts, payouts, and/or distributions to it of Partnership assets from the Partnership, Forte and/or limited partners of the Partnership, including the Thornton D. & Elizabeth S. Hooper Foundation, as purported charitable contributions for its benefit between 1995 and 2009.

53.     The gifts, payouts and/or distributions of Partnership assets from the Partnership, Forte and/or limited partners, including the Thornton D. & Elizabeth S. Hooper Foundation, to or for the benefit of Malvern Prep School in the form of purported charitable contributions between 1995 and 2009 constituted a benefit conferred upon Malvern Prep that it recognized and appreciated as a benefit.

54.     Malvern Prep accepted and retained the benefit of those gifts, payouts and/or distributions in the form of purported charitable contributions to it or for its benefit.

55.     Malvern Prep received gifts, payouts and/or distributions from the Partnership and/or Forte as purported charitable contributions in the amount of more than $900,000.

56.     Malvern Prep received gifts, payouts and/or distributions from the Thornton D. & Elizabeth S. Hooper Foundation, a limited partner of the Partnership, in an amount of greater than $200,000.

57.     Under the factual circumstances presented, it would be inequitable to permit Malvern Prep to retain the benefit of those gifts, payouts and/or distributions from the Partnership, Forte and/or limited partners, including the Thornton D. & Elizabeth S. Hooper Foundation, in the form of purported charitable contributions since those purported charitable contributions were the product of a Ponzi scheme and were composed solely of monies paid into the Ponzi scheme by limited partners of the Partnership.

WHEREFORE, Plaintiff Marion A. Hecht, as Receiver for Joseph Forte, L.P., demands judgment in her favor and against Defendant Malvern Preparatory School for any and all Partnership assets transferred to or for the benefit of that defendant as purported charitable contributions plus interest thereon, as well as for any applicable damages, costs of suit, and fees and costs as may be authorized by law or otherwise, and for such further relief as the Court deems just and appropriate.

March 29, 2010

Lawrence T. Hoyle, Jr., PA Attorney I.D. No. 2926
Arlene Fickler, PA Attorney I.D. No. 20327
HOYLE, FICKLER, HERSCHEL & MATHES, LLP
One South Broad Street, Suite 1500
Philadelphia, PA 19107
(215) 981-5700

Attorneys for Marion A. Hecht, as
Receiver for Joseph Forte, L.P.

- 12 -