IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARION A. HECHT, as Receiver for Joseph Forte, L.P., | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 10-1374 |
| v. | : : : | |
| MALVERN PREPARATORY SCHOOL, | : : | |
| Defendant. | : | |

**Diamond, J.**  May 26, 2010

## MEMORANDUM

The Receiver supervising the recovery of assets on behalf of investors defrauded by "Ponzi" scheme operator Joseph S. Forte has filed suit against Malvern Preparatory School, seeking to recover proceeds from the scheme allegedly given to the School as "gifts." Malvern has moved to dismiss the Receiver's Complaint. For the reasons that follow, I will deny Malvern's Motion.

**I.      Background**

      **A.      The Government's Allegations**

On January 7, 2009, the Securities and Exchange Commission and the Commodity Futures Trading Commission filed related actions, charging Joseph S. Forte and his Limited Partnership, Joseph Forte, L.P., with violating numerous securities laws through Forte's operation of a Ponzi scheme from 1995 to 2008. See SEC v. Forte, Civil No. 09-63, Doc. No. 1; CFTC v. Forte, Civil No. 09-64, Doc. No. 1; see also Cunningham v. Brown, 265 U.S. 1, 13

1

(1924). The agencies based their allegations largely on Forte's admissions and related documents. See, e.g., Civil No. 09-63, Doc. No. 1 ¶¶ 17, 22, 27. It now appears that Forte fraudulently solicited and accepted original cash investments of $78.6 million from 125 investors through the sale of securities in the form of limited partnerships. Forte falsely represented that the investments were earning annual returns of 18% to over 38%, and that as of September 2008, the investments had increased in value to more than $154 million. Id. ¶¶ 4, 18, 24. In fact, Forte paid himself and his early investors with monies provided by the L.P.'s later investors. Civil No. 09-64, Doc. No. 1 ¶ 4. Of the 125 investors, forty-one were "net winners" who recovered their full $22.2 million principal payments as well as $8.6 million in "profits." See Civil No. 09-63, Doc. No. 49, Ex. 2. Eighty-four investors lost a total of $34.8 million from their original investments of $56.4 million. Id.

On November 24, 2009, after he pled guilty to wire fraud, mail fraud, bank fraud, and money laundering charges, Forte was sentenced to a term of fifteen years imprisonment. See United States v. Forte, Criminal No. 09-304, Doc. No. 35.

B.      **Procedural History**

On January 7, 2009, the SEC and the CFTC sought emergency injunctive relief, asking me, *inter alia*, to freeze "any funds or other assets presently held by [Joseph Forte or Forte, L.P.], under their control or over which they exercise actual or apparent investment or other authority, in whatever form such funds or other assets may presently exist and wherever located." Civil No. 09-63, Doc. No. 2 ¶ I; No. 09-64, Doc. No. 2 ¶¶ II-III. Forte did not dispute the agencies' allegations, and, on September 30, 2009, consented to a permanent injunction and asset freeze. Civil No. 09-63, Doc. No. 34; Civil No. 09-64, Doc. No. 32.

On March 30, 2009, I granted the agencies' unopposed Motion to appoint Marion A. Hecht as Receiver of the Limited Partnership Estate, and authorized Ms. Hecht to retain Lawrence T. Hoyle, Jr. as Counsel. Civil No. 09-63, Doc. No. 26, ¶ II; Civil No. 09-64, Doc. No. 24, ¶ II. The Receiver submitted two Reports (on August 27, 2009 and March 1, 2010), summarizing the steps she has taken to assume control of the Partnership assets. According to her Second Report, the Receiver has collected $359,616 from the sale of the Fortes' household items, the return of some of Forte's charitable donations, and the like. Civil No. 09-63, Doc. No. 49, Ex. 1; Civil No. 09-64, Doc. No. 47, Ex. 1. She has also collected from five limited partners some $547,383 in "net winnings," for a total recovery of $985,103.

### C. The Receiver's Complaint and Malvern's Motion to Dismiss

On March 29, 2010, the Receiver filed the instant action -- one of seven Ms. Hecht brought against individuals and entities alleged to have received misappropriated Partnership assets. See Hecht v. Irwin, Civil No. 10-1371; Hecht v. Abraham Lincoln Found. of the Union League of Phila., Civil No. 10-1372; Hecht v. Skee Ball Profit Sharing Plan Participants, Civil No. 10-1373; Hecht v. Forte, Civil No. 10-1375; Hecht v. Crawford, Wilson, & Ryan Profit Sharing Plan Participants, Civil No. 10-1376; Hecht v. Investors Nos. 1102 & 1119, Civil No. 10-1377. The Receiver alleges that Malvern Prep

> received [more than $900,000 in] misappropriated Partnership assets from [Joseph] Forte as purported charitable donations, and . . . also received [more than $200,000 in] Partnership assets from one or more limited partners of the Partnership, including the Thornton D. & Elizabeth S. Hooper Foundation. Malvern Prep has refused the Receiver's request to return the misappropriated funds and other assets that it received from Forte and/or others.

3

*(Doc. No. 1 ¶ 1.)* Seeking to recover these gifts "for the benefit of [the Partnership's] innocent investors," the Receiver brings three state law claims against Malvern: the first two under the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa. C.S. §§ 5101 *et seq.*, and the third for common law unjust enrichment. *(Id.)*

Under PUFTA's "actual fraud" provision, transfers by Ponzi scheme operators are fraudulent if made "with actual intent to hinder, delay or defraud" investors. 12 Pa. C.S. § 5104(a)(1). Alleging that Forte transferred more than $900,000 in Partnership assets to Malvern "with the actual intent to defraud," the Receiver seeks to recover these assets under PUFTA § 5107. *(Doc. No. 1 ¶ 40.)* See 12 Pa. C.S. § 5107(a)(1) ("In an action for relief against a transfer or obligation under this chapter, a creditor . . . may obtain . . . [a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim."). Similarly, the Receiver seeks to recover more than $200,000 in Partnership assets transferred to Malvern Prep by the Hooper Foundation -- a limited partner whose investments in the Partnership exceeded $16 million -- alleging that Forte initially transferred these assets to the Foundation with "actual intent to hinder, delay, or defraud the Partnership's [investors]." *(Doc. No. 1 ¶ 47.)* Finally, the Receiver brings a claim for unjust enrichment, asserting that "it would be inequitable to permit Malvern Prep to retain the benefit of . . . purported charitable contributions [that] were the product of a Ponzi scheme and were composed solely of monies paid into the Ponzi scheme by limited partners of the Partnership." *(Id. ¶ 57.)*

Malvern has moved to dismiss, arguing that: (1) the Receiver's PUFTA claims are time-barred; (2) these claims lack particularity as required by Rule 9(b); (3) the Complaint provides the Hooper Foundation -- and by extension, Malvern Prep -- with an affirmative defense to the

4

Receiver's second PUFTA claim; (4) the Receiver lacks standing to bring that claim; and (5) the Receiver has failed to allege whether the Partnership received what it expected in exchange for its charitable contributions to Malvern Prep, "a critical element in the assertion of any unjust enrichment claim." *(Doc. No. 8.)* Fed. R. Civ. P. 12(b)(6). Some of these arguments border on the frivolous; all are meritless.

## II. Legal Standards

In deciding a motion to dismiss for failure to state a claim, I must accept as true the factual allegations in the complaint and make all reasonable inferences in the plaintiff's favor. Fed. R. Civ. P. 12(b)(6); In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). In addition to the complaint itself, I may consider "exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). The burden is on the moving party to show that the plaintiff has failed to allege facts sufficiently detailed to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65, 1974 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). A plaintiff must "state a claim to relief that is plausible on its face." Phillips, 515 F.3d at 234. "The inquiry is not whether plaintiffs will ultimately prevail on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller, 311 F.3d at 215.

## III. Discussion

### A. The Receiver's Fraud Claims Are Not Time-Barred

PUFTA imposes the following temporal limits on fraudulent transfer actions:

5

> A cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought . . . under section 5104(a)(1) . . . within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant.

12 Pa. C.S. § 5109(1). To the extent the Receiver seeks to recover assets transferred to Malvern by Forte or the Hooper Foundation before March 29, 2006 -- four years before she initiated the instant action -- she may do so only if she meets § 5109's one year discovery requirements.

As I have explained, shortly after Forte surrendered to authorities in December 2008, the SEC and CFTC filed related actions against him and the Partnership, charging them with violating securities laws through the operation of a Ponzi scheme from 1995 to 2008. See SEC v. Forte, Civil No. 09-63, Doc. No. 1; CFTC v. Forte, Civil No. 09-64, Doc. No. 1. According to Malvern, the *Philadelphia Business Journal* published two articles -- on January 8, 2009 and January 21, 2009 -- describing Forte's scheme and the pending SEC and CFTC actions. *(Doc. No. 8, Exs. B, C.)* See Benak v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 401 n.15 (3d Cir. 2006) (in ruling on a motion to dismiss, the district court may take judicial notice of newspaper articles to determine whether the plaintiffs were on notice of their claimed injuries). In Malvern's view, these articles "unquestionably put any creditor of Forte and/or the Partnership on notice of the Scheme and the possible fraudulent nature of any transfers." *(Doc. No. 8, Mem. at 15.)* Accordingly, because the Receiver is now seeking to recover assets on behalf of these creditors, Malvern argues that "the one year period in which claims could have been brought expired, at the absolute latest, on January 21, 2010" -- before March 29, 2010, when the Receiver filed the instant action. *(Id. at 18.)* I do not agree.

I did not appoint the Receiver to take possession of the Partnership assets until March 30, 2009. See Civil No. 09-63, Doc. No. 26; Civil No. 09-64, Doc. No. 24. The Receiver alleges in the instant Complaint that Forte "adversely dominated" the Partnership and "fraudulently concealed" the factual basis for the Receiver's claims before her appointment. *(Doc. No. 1 ¶¶ 31, 32.)* In these circumstances, "it would have been impossible for the [defrauded investors] to have asserted their legal rights before [the Receiver's] appointment." Warfield v. Carnie, 2007 U.S. Dist. LEXIS 27610, at *53 (N.D. Tex. Apr. 13, 2007). Accordingly, the Receiver's Complaint -- filed within one year of her appointment -- is timely under § 5109's one year discovery provision. See Wing v. Kendrick, 2009 U.S. Dist. LEXIS 41923, at *8 (D. Utah May 14, 2009) (claims filed within one year of receiver's appointment not time-barred under Uniform Fraudulent Transfer Act because "the fraudulent nature of the transfers [could] only be discovered once the Ponzi operator ha[d] been removed from the scene"); accord Quilling v. Cristell, 2006 U.S. Dist. LEXIS 8480, at *20 (W.D.N.C. Feb. 9, 2006); Quilling v. Grand Street Trust, 2005 WL 1983879, at *7 (W.D.N.C. Aug. 12, 2005); see also Martin Marietta Corp. v. Gould, Inc., 70 F.3d 768, 772 (4th Cir. 1995) (a corporation cannot be expected to vindicate harms perpetrated by wrongdoers while the corporation remains under their control); Armstrong v. McAlpin, 699 F.2d 79, 87 (2d Cir. 1983) ("[W]here an action is brought on behalf of an entity which has been defrauded by persons who completely dominated and controlled it, the statute of limitations is tolled as to the controlling wrongdoers during the period of their domination and control.") (citations omitted).

Malvern's suggestion that the defrauded investors were obligated to commence a fraudulent transfer action against Malvern within a year of the *Business Journal's* articles is

7

absurd. Although the articles Malvern has provided include a description of Forte's Ponzi scheme, they do not mention Forte or the Hooper Foundation making "charitable gifts" to Malvern Prep or any other entity. *(Doc. No. 8, Exs. B, C.)* Accordingly, upon reading the articles, only the people running Malvern Prep itself could have known that the money the School allegedly took from Forte and Hooper was stolen.

Plainly, the earliest conceivable date Ms. Hecht could have known of the purportedly fraudulent transfers to Malvern was the day I appointed her: March 30, 2009. Because she initiated the instant suit on March 29, 2010, her suit is timely under § 5109's discovery provision.

### B. The Receiver's Allegations of Fraud Satisfy Rule 9(b)

Malvern also contends that the Receiver's PUFTA claims do not pass muster under Rule 9(b)'s heightened pleading standard. See Fed. R. Civ. P. 9(b) (a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake"). Again, I do not agree.

The Third Circuit has explained that Rule 9(b)

> requires plaintiffs to plead with particularity the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. It is certainly true that allegations of "date, place or time" fulfill these functions, but nothing in the rule requires them. Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud.

Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984); see also Denny v. Carey, 72 F.R.D. 574, 578 (E.D. Pa. 1976) ("[T]he requirement of Rule 9(b) is met

8

when there is sufficient identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer to the allegations.") (citations omitted).

The Receiver alleges that "[t]he Partnership was operated by Forte as a Ponzi scheme from its inception in 1995," and that "[a]s a result, all contributions by Forte or the Partnership to Malvern Prep . . . were made with the actual intent to defraud creditors . . . ." *(Doc. No. 1 ¶¶ 38, 40.)* Arguing that these allegations amount to no more than "bald legal conclusion[s] couched as [] factual allegation[s] which this court is not bound to accept as true," Malvern contends that the Receiver has "fail[ed] to plead fraud with sufficient particularly with respect to each transfer." *(Doc. No. 8, Mem. at 20.)* Malvern is incorrect.

First, the Complaint is replete with allegations detailing the nature and scope of Forte's Ponzi scheme, including the terms of the September 30, 2009 Consent Orders I entered against Forte. See, e.g., Doc. No. 1 ¶¶ 1-2, 8, 19-22, 24-26, 34-35; id., Exs. A-E; see also Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007) ("Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record.") (citations omitted). Morever, the Complaint sets forth the "date, time, and place" of the transfers that Forte and the Hooper Foundation purportedly made to Malvern Prep. See, e.g., Doc. No. 1 ¶¶ 35, 36.

In these circumstances, the Receiver has certainly provided "sufficient identification of the circumstances constituting fraud so that [Malvern] can prepare an adequate answer to the allegations." Denny, 72 F.R.D. at 578. Indeed, because "[t]he mere existence of a Ponzi scheme is sufficient to establish actual intent to defraud," the Receiver's pleadings respecting Forte's scheme, coupled with her allegations regarding the transfer of Partnership assets from Forte and the Hooper Foundation to Malvern Prep, more than amply support her claims under PUFTA's

9

"actual fraud" provision. Donell v. Kowell, 533 F.3d 762, 770 (9th Cir. 2008) (citations and internal quotation marks omitted); see also SEC v. Res. Dev. Int'l LLC, 487 F.3d 295, 301 (5th Cir. 2007) ("[P]roving that [an entity] operated as a Ponzi scheme establishes the fraudulent intent behind the transfers it made."); Armstrong v. Collins, 2010 U.S. Dist. LEXIS 28075, at *63 (S.D.N.Y. Mar. 24, 2010) ("In considering claims of actual fraud, courts have widely found that Ponzi scheme operators necessarily act with actual intent to defraud creditors due to the very nature of their schemes.") (citations and internal quotation marks omitted). Accordingly, the Receiver's claims of fraud are adequately pled.

### C. The Complaint Does Not State an Affirmative Defense to the Receiver's Second PUFTA Claim

Under PUFTA § 5108(d), an innocent "winning" investor in a Ponzi scheme may retain his principal investment through the demonstration of "good faith." This affirmative defense requires that the winning investor establish to the trial factfinder: (1) his innocence; and (2) an exchange of fair value (always satisfied in Ponzi scheme cases, because the principal was both invested and returned). In re Burry, 309 B.R. 130, 135 (Bankr. E.D. Pa. 2004). Because a "good faith" defense requires the factfinder to determine whether the investor had "sufficient knowledge to place [him] on inquiry notice of the voidability of the transfer," courts typically assess whether the investors ignored "red flags" revealing the true nature of the challenged investment. Id. at 136; In re Bayou Group, LLC, 396 B.R. 810, 848 (Bankr. S.D.N.Y. 2008). If the court determines that the investor should have known the investment was "too good to be true," it will void the return of principal to the investor. Donell, 533 F.3d at 770.

In its Motion to Dismiss, Malvern contends that the Receiver's allegations make it "abundantly clear that Forte, alone, ran the [s]cheme and that no one (be it the Hooper Foundation or Malvern Prep) was aware of the artifice he had concocted under the guise of a legitimate business." *(Doc. No. 8, Mem. at 25.)* Thus because "there is *nothing* in the Complaint suggesting that the Hooper Foundation did not receive transfers in good faith," Malvern argues that the Receiver's allegations provide the Foundation with an affirmative defense under § 5108(d), and accordingly, that these allegations "are legally insufficient to support a claim to avoid transfers [of Partnership assets from the Foundation to] Malvern Prep." *(Id. at 25) (emphasis supplied).* See Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face.") (citations and internal quotation marks omitted). Malvern's reasoning turns the § 5108 defense on its head.

The *Receiver* was under no obligation to allege the Hooper Foundation's lack of good faith. Rather, "the person who invokes this defense carries the burden of establishing good faith and the reasonable equivalence of the consideration exchanged." 12 Pa. C.S. § 5108, Committee Comment No. 1. Although the Receiver alleges that Forte made various attempts to conceal the true nature of his scheme from investors, the Complaint is silent as to whether the Hooper Foundation should have known that the returns on its investments were "too good to be true." Donell, 533 F.3d at 770. Accordingly, because the Receiver's allegations do not foreclose the possibility that the Foundation had "inquiry notice" as to the source of these returns, there is no § 5108 defense on the face of the Complaint warranting its dismissal.

### D. The Receiver Has Standing to Recover Gifts the Hooper Foundation Allegedly Made to Malvern Prep

Malvern contends that the Receiver lacks standing to bring her second PUFTA claim because the Complaint does not include

> any assertions . . . that the Partnership and/or Forte wrongfully transferred funds first to the Hooper Foundation, which in turn, were transferred by the Hooper Foundation to Malvern Prep . . . . [Nor does the Receiver] allege that the specific transfers by the Hooper Foundation to Malvern were the same funds the Hooper Foundation received from the Partnership. To the extent that transfers from the Hooper Foundation were not transfers of [Partnership assets], they are not avoidable by the Receiver because they would not be avoidable by creditors of the Partnership.

*(Doc. No. 8, Mem. at 27.)*

I agree that a "trustee cannot have standing to bring a claim that the estate does not possess [or] one that seeks to recover property in which the estate has no interest." Ryan v. Sullivan, Hill, Lewin, Rez, Engel & Labazzo, 2005 U.S. Dist. LEXIS 2122, at *6-7 (D. Conn. Jan. 25, 2005). It is thus correct that the Receiver would not have standing to seek the recovery of *non-Partnership assets* transferred to Malvern by the Foundation. Contrary to Malvern's assertions, however, the Receiver explicitly alleges that between 1995 and 2009, "Defendant Malvern Prep received *Partnership assets* from . . . or at the direction of the [] Foundation." *(Doc. No. 1 ¶ 48) (emphasis added)*. Moreover, the Receiver seeks to recover from Malvern only "*Partnership assets* transferred to or for the benefit of [Malvern Prep] as purported charitable contributions . . . ." *(Id. at 10-11) (emphasis added)*.

It is thus evident that the Receiver is seeking to recover from Malvern Prep only those assets "in which the [Partnership] has [an] interest." Ryan, 2005 U.S. Dist. LEXIS 2122, at *7. Accordingly, I find that the Receiver has standing to bring her second PUFTA claim. See 12 Pa.

12

C.S. § 5107(a)(1) ("In an action for relief against a transfer or obligation under this chapter, a creditor . . . may obtain . . . [a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.").

### E. The Receiver's Unjust Enrichment Claim Is Viable

Finally, Malvern argues that the Receiver has failed to state a claim for unjust enrichment because "the Complaint fails to allege what the Partnership anticipated or expected in making . . . charitable contributions [to Malvern Prep and the Hooper Foundation], a critical element in the assertion of any unjust enrichment claim . . . ." *(Doc. No. 8, Mem. at 30.)* This argument confounds both the law and common sense.

Under Pennsylvania law, the elements of unjust enrichment are: "(1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162, 180 (3d Cir. 2008). Malvern offers a single decision suggesting that whether "a defendant's receipt of benefits [is] unconscionable [turns on] the reasonable expectation of the plaintiff." Quandry Solutions, Inc. v. VeriFone, Inc., 2009 U.S. Dist. LEXIS 31459, at *49 (E.D. Pa. Apr. 13, 2009). Nevertheless, "[t]he application of the [unjust enrichment] doctrine depends on the *particular factual circumstances* of the case at issue. In determining if the doctrine applies, [the court's] focus is not on the intention of the parties, but rather on whether the defendant has been unjustly enriched." Schenck v. K.E. David, Ltd., 666 A.2d 327, 328 (Pa. Super. Ct. 1995) (emphasis added).

As I have explained, the Receiver alleges that Malvern received Partnership assets from Joseph Forte and the Hooper Foundation in the form of charitable contributions, and that these "contributions were the product of [Forte's] Ponzi scheme and were composed solely of monies paid into the Ponzi scheme by limited partners of the Partnership." *(Doc. No. 1 ¶¶ 33-35, 44-49, 57.)* In these "particular factual circumstances," it is senseless to ask "what the Partnership expected or anticipated" to receive in exchange for its contributions, since these contributions were fraudulently diverted from the Partnership by Forte without the Partnership's consent. Accordingly, even though the Complaint is silent as to the Partnership's expectations, the Receiver has sufficiently alleged "that [Malvern] either wrongfully secured or passively received a benefit that it would be unconscionable for [the School] to retain." Torchia v. Torchia, 499 A.2d 581, 582 (Pa. Super. Ct. 1985) (citations and internal quotation marks omitted). She has thus stated a claim for unjust enrichment under Pennsylvania law.

**IV.     Conclusion**

Although acknowledging "the negative impact of Joseph F. Forte's Ponzi scheme," and refusing to "cast blame upon the Receiver for exploring every avenue in which she might recover funds for those wronged," Malvern Prep has nonetheless submitted a Motion to Dismiss that can generously be described as meritless. *(Doc. No. 8, Mem. at 1.)* I will deny Malvern's Motion.

An appropriate Order follows.

**BY THE COURT.**

*/s/ Paul S. Diamond*
_____
**Paul S. Diamond, J.**